**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SUMMIT GROWTH MANAGEMENT, LLC, et al.,

       Plaintiffs,

  v.

THADDEUS "TED" MAREK,

       Defendant.

3:12-cv-170-RCJ-WGC

**ORDER**

Currently before the Court is Defendant's motion to dismiss (#12) pursuant to Federal Rules of Civil Procedure 8, 9, 12(b)(2), 12(b)(3), and 12(b)(6). For the following reasons, the Court grants in part and denies in part the motion to dismiss (#12).

**BACKGROUND**[1]

Defendant Thaddeus Marek—an Arizona citizen—is a director and the

---

[1] Plaintiffs have requested that this Court take judicial notice of several documents which have been entered into the record in Skye International, Inc.'s two bankruptcy actions pending in this district. (Req. for Judicial Notice (#17)). The Court takes judicial notice of these court records. *See* FED. R. EVID. 201; *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[A court] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citations omitted); *U.S. v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

secretary/treasurer and chief financial officer of Skye International, Inc. ("Skye"). (Am. Compl. (#3) at 3-4). Skye is a Nevada corporation which manufactures electric, tankless water heaters. (Ch. 7 Pet. (#17-1) Ex. 1; Mot. to Dismiss (#12) at 2). Skye is the debtor in two bankruptcy actions. The first is a Chapter 11 case commenced in the Nevada Bankruptcy Court on December 16, 2009 and the second is a Chapter 7 case filed in the same court on April 28, 2011. (Ch. 11 Pet. (#17-1) Ex. 2; Ch. 7 Pet. (#17-1) Ex. 1).

Plaintiff Summit Growth Management, LLC ("SGM") is a limited liability company organized under the laws of the State of Nevada. (Am. Compl. (#3) at 3). On or about December 19, 2009 SGM entered into a Debtor-in-Possession Interim Financing and Post-Confirmation Funding Agreement (the "DIP Finance Agreement"). (*Id.*; DIP Finance Agreement (#17-1) Ex.3). Under the DIP Finance Agreement, SGM funded Skye with approximately $1,500,000 and Skye obtained another $500,000 from an individual named Perry Logan. (Am. Compl. (#3) at 5). SGM later assigned the DIP Finance Agreement to Summit Green Manufacturing, Inc. ("SGI"), a Nevada corporation, on or about May 20, 2011. (*Id.* at 3).

SGM and SGI (collectively "Plaintiffs") filed a complaint in this Court on March 28, 2012—which was later amended on April 10, 2012—against Marek in his individual and personal capacity only. (Compl. (#1); Am. Compl. (#3) at 1, 4). The amended complaint lists four causes of action, including: (1) fraud/fraudulent misrepresentation; (2) fraudulent concealment; (3) negligent misrepresentation; and (4) Nevada RICO violations. (Am. Compl. (#3) at 5-10). The amended complaint alleges that SGM loaned the $1,500,000 to Skye and entered into the DIP Finance Agreement based on certain fraudulent representations made by Marek in person, by telephone, in writing, by electronic mail, and/or through the United States Postal Service from September through December 2009. (*Id.* at 4). These purported misrepresentations include: (1) that a sale of Skye to A.O. Smith, Eemax or some other entity was imminent; (2) that absent a sale to A.O. Smith, Eemax or some other entity A.O. Smith or Eemax would purchase or license Skye's products; (3) that in order to consummate the sale of Skye or the purchase or licensing of Skye's products, Skye needed an immediate infusion

2

of capital; and (4) that the loan would be repaid. (*Id.*). Plaintiffs allege that Marek made these false representations to induce SGM to lend the funds so that Marek could use them to repay personal loans obtained by Marek, his family trust, and his pension benefit plan and to make other payments to himself or to his entities. (*Id.* at 5).

Marek filed a motion to dismiss on May 21, 2012 for lack of personal jurisdiction, failure to state a claim, and improper venue and in the alternative seeks to have the case transferred to Arizona where he resides. (Mot. to Dismiss (#12) at 3-4). Marek also claims that this action is being brought simply to intimidate and threaten him. (*Id.* at 2-3). In the pending bankruptcy proceedings Plaintiffs have sought to obtain certain Skye assets and Marek has opposed this transfer of assets. (*Id.*). Marek believes that Plaintiffs have brought this action simply to intimidate Marek and to force him to drop his opposition to the asset transfer. (*Id.*).

**DISCUSSION**

**I.    Motion to Dismiss or Transfer Venue Due to Lack of Personal Jurisdiction**

Marek first seeks to have this action dismissed or transferred for lack of personal jurisdiction. Marek claims that this Court does not have personal jurisdiction over him because he is an Arizona resident and has not purposefully availed himself of the benefits of or purposefully directed any action toward the State of Nevada. (Mot. to Dismiss (#12) at 4-6). Plaintiffs argue that by making misrepresentations to a Nevada citizen, Marek has purposefully directed activities toward the forum state and has purposefully availed himself of the privilege of conducting his activities in the forum. (Opp'n to Mot. to Dismiss (#16) at 7-14). Plaintiffs also contend that Marek waived the defense of lack of personal jurisdiction because his attorneys filed a notice of appearance in this Court and because he has sought affirmative relief from the bankruptcy court in this district. (*Id.* at 4-7).

Under Fed. R. Civ. P. 12(b)(2), a defendant may move to dismiss an action for lack of personal jurisdiction. Personal jurisdiction exists if: (1) provided for by the state's long-arm statute; and (2) the exercise of jurisdiction comports with due process. *See Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir. 1980). Where a forum state's long-arm statute provides its courts jurisdiction to the fullest extent of the Due Process Clause of the

Fourteenth Amendment, such as Nevada's does, *see Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 134 P.3d 710, 712 (Nev. 2006) (citing NEV. REV. STAT. § 14.065), a court need only apply federal due process standards. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).[2]

There are two categories of personal jurisdiction: general jurisdiction and specific jurisdiction. General jurisdiction exists over a defendant who has "substantial" or "continuous and systematic" contacts with the forum state such that the assertion of personal jurisdiction over him is constitutionally fair even where the claims are unrelated to those contacts. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984)). For example, a state court would have general jurisdiction over the state's own residents. *Milliken v. Meyer*, 311 U.S. 457, 462 (1940).

Specific jurisdiction exists when there are sufficient minimal contacts with the forum state such that the assertion of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.' " *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken*, 311 U.S. at 463). The Ninth Circuit has developed a three-part test for specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

---

[2] Nevada's long-arm statute restricts extra-territorial jurisdiction to the limits of both the U.S. and Nevada Constitutions. *See* NEV. REV. STAT. § 14.065(1). However, Nevada's due process clause is textually identical to the federal clause in relevant respects, *see* NEV. CONST. art. 1, § 8(5), and the Nevada Supreme Court reads the state clause as coextensive with the federal clause, *see, e.g., Wyman v. State*, 217 P.3d 572, 578 (Nev. 2009).

*Boschetto*, 539 F.3d at 1016 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

Under the "effects test" established by the Supreme Court, the purposeful availment prong of the specific jurisdiction analysis is satisfied when a foreign act is performed that is both aimed at and has an effect in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000); *see also Calder v. Jones*, 465 U.S. 783 (1984). The effects test is met if the defendant "(1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." *Bancroft*, 223 F.3d at 1087. Not every action which has foreseeable effects in the forum state however will give rise to specific jurisdiction. To satisfy the effects test, the plaintiff must allege that the defendant "engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Id.* Where individualized targeting of a plaintiff known to be a citizen of the forum state occurs, the effects test is satisfied and the purposeful available prong is met. *Id.* at 1087-88.

In the present case, the first prong for personal jurisdiction requiring purposeful availment has been satisfied. Marek allegedly made fraudulent representations to SGM in order to induce SGM to loan funds to Skye. (Am. Compl. (#3) at 4). These misrepresentations were made in Nevada to a Nevada limited liability company to cause it to enter into a contract governed by Nevada law with another Nevada citizen. (*Id.* at 2-3; DIP Finance Agreement (#17-1) Ex. 3 at 59). Marek thus committed an intentional act which was directly aimed at and knowingly caused harm to a citizen of the forum state. By making the misrepresentations to SGM, Marek was expressly targeting a citizen of the forum state, and the effects test and purposeful availment requirement are accordingly satisfied.

Under the second prong, the contacts constituting purposeful availment must be the ones that give rise to the current suit. The misrepresentations allegedly made to SGM serve as the basis of all of Plaintiffs' claims of fraud, misrepresentation, and RICO violations. As the

same contacts constituting purposeful availment are the same contacts which give rise to this action, the second prong is satisfied.

The final prong for specific jurisdiction requires that the exercise of jurisdiction be reasonable. In determining the reasonableness of the exercise of jurisdiction, the Court must consider several specific factors: (1) the extent of the defendant's purposeful interjection into the forum state; (2) the burden on the defendant in defending in the forum state; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the controversy; (5) the most efficient judicial resolution of the dispute; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004) (citation omitted).

As noted above, Marek allegedly made several misrepresentations to SGM, a citizen of the forum state. The burden on Marek in defending this action in Nevada is slight as Marek is currently involved in two bankruptcy proceedings in this district. Adjudicating this dispute would not infringe on Arizona's sovereignty and Nevada certainly has an interest in protecting its citizens from fraud. This Court can also efficiently and effectively resolve this matter, and although an Arizona court could also adequately adjudicate the dispute, the presence of an alternative forum alone does not overcome the reasonableness established by the other factors. The exercise of jurisdiction over Marek in this case is therefore reasonable and the third prong of the test for personal jurisdiction is satisfied.

The Court accordingly has personal jurisdiction over Marek. Marek's request to dismiss this action or to transfer for improper venue for lack of personal jurisdiction is consequently denied.[3]

---

[3] Because the Court finds it has personal jurisdiction over Marek, it is unnecessary to address Plaintiffs' alternative arguments that Marek waived his right to challenge personal jurisdiction because his attorneys filed a notice of appearance and because he is seeking affirmative relief from this Court through the Skye bankruptcy cases.

6

## II.  Motion to Dismiss

Marek next seeks to have the amended complaint dismissed for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6).

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading that offers merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it only tenders "naked assertion[s]" that are devoid of "further factual enhancement." *Id.* at 557. All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

Pursuant to Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." To satisfy this standard, a plaintiff must plead "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.' " *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (affirming the dismissal of a claim of fraud for failure to plead in accordance with Rule 9(b) because the plaintiff "failed to articulate the who, what, when, where, and how of the misconduct alleged.").

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay,

bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

The amended complaint advances four causes of action, all of which are based on allegations of fraud. Each cause of action will be discussed in turn.

### A. Fraud/Fraudulent Misrepresentation

Under Nevada law, a claim of fraudulent misrepresentation requires the plaintiff to establish each of the following elements: (1) a false representation; (2) knowledge or belief that the representation was false (or knowledge that the defendant's basis for making the representation was insufficient); (3) intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting from such reliance. *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004).

Plaintiffs have failed to state a claim for fraudulent misrepresentation because they have failed to plead their claim with the required specificity. Although Plaintiffs have provided the Court with a four month range over which the alleged fraudulent misrepresentations were made along with the basic content of those misrepresentations, Plaintiffs have failed to provide other necessary details regarding the alleged fraudulent statements. Plaintiffs have nowhere identified in their amended complaint the location and manner in which these representations were made. Rather, they generally state that these misrepresentations were made by Marek "verbally, in person and by telephonic means, and in writing, sent by electronic mail and/or through the United States Postal Service." (Am. Compl. (#3) at 4). These broad generalizations do not sufficiently plead a claim of fraud with particularity because they do not specifically describe how and where these misrepresentations were made. Furthermore, Plaintiffs have failed to identify the parties to the misrepresentations as required. The amended complaint only alleges that Marek made certain misrepresentations

to SGM and fails to identify to whom these misrepresentations were purportedly made. Finally, the amended complaint only makes the conclusory allegation that Marek's statements were fraudulent without pleading any additional detail as to why they were false or why Marek had reason to know of their falsity. Because Plaintiffs have failed to plead a claim of fraudulent misrepresentation with the specificity required by Fed. R. Civ. P. 9(b), this claim is dismissed with leave to amend.

### B. Fraudulent Concealment

To succeed on a claim for fraudulent concealment, the plaintiff must show: (1) the defendant concealed or suppressed a material fact; (2) the defendant had a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed the fact with the intent to defraud the plaintiff; (4) the plaintiff was unaware of the fact and would have acted differently had he known the concealed fact; and (5) as a result of the concealment, the plaintiff sustained damages. *Nevada Power Co. v. Monsanto Co.*, 891 F.Supp. 1406, 1415 (D. Nev. 1995) (citing Nevada Jury Instruction 9.03); *see also Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998), *overruled in part on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001).

Nevada generally does not recognize an action for fraud based on nondisclosure unless the plaintiff demonstrates that the defendant had a duty to disclose the fact at issue. *Dow Chem. Co.*, 970 P.2d at 110. A duty to disclose may arise when a fiduciary relationship exists between the parties or "where the parties enjoy a 'special relationship,' that is, where a party reasonably imparts special confidence in the defendant and the defendant would reasonably know of this confidence." *Id.* (citing *Mackintosh v. Jack Matthews & Co.*, 855 P.2d 549, 553 (Nev. 1993)). A duty to disclose may also arise in certain transactions where the defendant alone has knowledge of material facts that are not within the fair and reasonable reach of the plaintiff. *Id.*

Plaintiffs have failed to state a claim for fraudulent concealment. Plaintiffs allege that a special relationship of trust and confidence existed because Marek had superior knowledge about Skye, Marek was friends with the sole principal of SGM, and SGM "placed special trust

9

and reliance in Marek in matters related to Skye." (Am. Compl. (#3) at 7). The amended complaint does not detail how SGM reasonably imparted special confidence in Marek, but rather makes the conclusory allegation that it did so. The Court is not required to accept such conclusory allegations devoid of factual enhancement as true on a motion to dismiss. *Twombly*, 550 U.S. at 557. The amended complaint also fails to allege that Marek knew or reasonably would have known that SGM was imparting special confidence in him. No facts have been pled that would lead the Court to reasonably conclude that Marek was a fiduciary or had any other special relationship with SGM. Although Plaintiffs allege that Marek was a friend of the sole principal of SGM, the amended complaint contains no further detail of the nature of this relationship or even the identify of SGM's principal. Finally, Plaintiffs have failed to allege that Marek had knowledge of material facts which were not accessible to Plaintiffs. As Plaintiffs have not sufficiently alleged that a special relationship existed between SGM and Marek or that Marek alone had access to material information that was not accessible to Plaintiffs, this cause of action is dismissed with leave to amend.

### C. Negligent Misrepresentation

To state a claim for negligent misrepresentation, the plaintiff must allege: (1) a representation that is false; (2) that the representation was made in the course of the defendant's business or in any action in which he has a pecuniary interest; (3) the representation was for the guidance of others in their business transactions; (4) the representation was justifiably relied upon; (5) that such reliance resulted in pecuniary loss to the relying party; and (6) that the defendant failed to exercise reasonable care or competence in obtaining or communicating the information. *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, 460 F.Supp.2d 1246, 1262 (D. Nev. 2006).

Plaintiffs have failed to state a claim for negligent misrepresentation because they have again failed to plead their claim with the required specificity. Plaintiffs' claim for negligent misrepresentation is based on the same misrepresentations which serve as the basis for their fraudulent representation claim. Yet as noted above, Plaintiffs have failed to plead these misrepresentations with particularity as required by Fed. R. Civ. P. 9(b). The amended

complaint does not identify the parties to the misrepresentations, the place and manner in which these misrepresentations were made, or any detail as to why these statements were untrue. This claim is therefore dismissed with leave to amend for failure to sufficiently state a claim.

### D.     Nevada RICO Violations

To state a claim under Nevada's RICO statute, a plaintiff must allege that the defendant "engag[ed] in at least two crimes related to racketeering that have the same or similar pattern, intents, results, accomplices, victims or methods of commission, or are otherwise interrelated by distinguishing characteristics and are not isolated incidents." NEV. REV. STAT. § 207.390. A "crime related to racketeering" includes "taking property from another under circumstances not amounting to robbery" and "obtaining possession of money or property valued at $650 or more, or obtaining a signature by means of false pretenses." *Id.* § 207.360 (listing crimes relating to racketeering). Where a RICO claim is based upon allegations of fraud, it is subject to the heightened pleading standards of Rule 9(b). *Edwards v. Marin Park Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004); *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1287 (D. Nev. 2005).

Plaintiffs allege that Marek engaged in crimes related to racketeering by making the fraudulent representations to induce SGM and Perry Logan to contribute funds to Skye under the DIP Finance Agreement, which amounts to a taking of their money under circumstances not amounting to robbery. (Am. Compl. (#3) at 9-10). Plaintiffs also allege Marek made the fraudulent representations to induce SGM to enter into the DIP Finance Agreement, and thereby obtained from SGM a signature under false pretenses. (*Id.*). Plaintiffs' RICO claim fails however because it is based on allegations of fraud and has not been pled with the required specificity. As discussed above, Plaintiffs have failed to adequately allege how these misrepresentations were made, where they were made, to whom they were made, and why they were false. The amended complaint accordingly fails to state a claim for violations of the Nevada RICO statute.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Marek's motion to dismiss (#12) is GRANTED IN PART AND DENIED IN PART as follows:

(1) the motion to dismiss for lack of personal jurisdiction and in the alternative to transfer venue is DENIED.

(2) the motion to dismiss for failure to state a claim is GRANTED with leave to amend.

DATED: This 6th day of September, 2012.

_____
United States District Judge